IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 5:14-cv-00587-HLH |
| v. | § § | [Removed from the 73rd Judicial District Court of Bexar County, Texas] |
| MARK CADERO, | § § | |
| *Defendant.* | § § § | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANT'S MOTION TO DISMISS [D.E. 12]**

Pursuant to Fed. R. Civ. P. 60(b)(6), Defendant Mark Cadero ("Cadero"), files this Motion for Reconsideration of the Court's Order [D.E. 12] denying Defendant's previous Motion to Dismiss as to Fed. R. Civ. P. 12(b)(2) and (12)(3) [D.E. 8]. The same arguments apply to the allegations in the Amended Complaint [D.E. 9]. As set forth below, Cadero still asserts that he not subject to personal jurisdiction in the State of Texas, and venue is improper in this District Court. For these reasons Cadero asserts the claims should be dismissed and/or venue transferred. In support of this Motion, Cadero states as follows:

I. **BACKGROUND**

Cadero is a permanent resident of California and has resided in the State of California his entire life. D.E. 2-1, ¶4. Cadero has real property in California and a post office box in California. *Id*. at ¶5. At no point has Cadero had a registered agent for service of process in Texas, owned real or personal property in Texas, or owned or operated a company based in Texas. *Id*. at ¶¶6-8. Furthermore, Cadero does not regularly transact business in Texas, does not have a Texas phone number, bank account or post office box, and has never lived in Texas. *Id*. at ¶¶8-10.

Cadero previously worked with Plaintiff beginning in 2010. Cadero executed an agreement with Plaintiff in January 2013 (the "Agreement"). *See* D.E. 9, Exh. A; D.E. 2, Exh. 2, Tab 4, Att. 1. Under the Agreement, Cadero provided services as a front end sales provider for certain events and/or seminars sponsored by Plaintiff or its affiliates. The contractual relationship ended between Plaintiff and Cadero in July 2013.

On June 23, 2014, Plaintiff commenced a lawsuit in the 73rd Judicial District Court of Bexar County, Texas, styled *Education Management Services, LLC v. Mark Cadero*, Cause No. 2014-CI-09849, the Original Petition and Application for Temporary Restraining Order and

Temporary Injunction ("Original Petition"). In the Original Petition, Plaintiff asserts the following claims: (1) breach of contract; (2) conversion; and (3) trade secret misappropriation. Plaintiff sought injunctive relief and actual and punitive damages, attorneys' fees, and additional remedies. Cadero removed this action to federal court on July 2, 2014. [D.E. 2].

On October 1, 2014, Plaintiff filed an amended complaint, as well as an opposition to Cadero's motion to dismiss. [D.E. 9, 10]. The Court denied Cadero's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). [D.E. 12]. The Court found that: (1) Cadero sought out Plaintiff in order to establish a long-term business relationship; (2) Cadero traveled to Texas on a regular basis in furtherance of the business relationship; and (3) during those trips to Texas, Cadero gained access to the trade secrets that form the basis of this lawsuit. *Id*. at pp. 5-6. The Court also found that Texas has a significant interest in providing a forum for a cause of action for injury to a Texas resident and that the inconvenience of having to defend an out-of-state suit does not outweigh the interest of Texas in providing a forum for torts committed against its residents or the interest of the plaintiff in seeking relief in its chosen forum. *Id*. at p. 7.

The Court further denied Cadero's request to transfer venue to the Central District of California pursuant to 28 U.S.C. §1441(a). *Id*. at p. 8. The Court found that venue is proper in the Western District of Texas because that is the district embracing the 73rd District Court of Bexar County, Texas. *Id*.

## II. LEGAL ANALYSIS

### A. Lack of Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2)

"A federal court has personal jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is

consistent with due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas long-arm statute extends to the limits of federal due process. *Schlobohm v. Schapiro*, 784 S.W.3d 355, 357 (Tex. 1990). Therefore, this Court must determine whether: (1) Defendant have established "minimum contacts" with the state of Texas; and (2) whether the exercise of personal jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice." *Ruston Gas Turbines, Inc.*, 9 F.3d at 418 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To determine the jurisdictional issue, this Court may rely on affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery. *Valley Dynamo, L.P. v. Warehouse of Vending & Games, et al.*, 168 F. Supp. 2d 616, 619 (N.D. Tex. 2001) (citing *Command-Aire Corp. v. Ontario Mechanical Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). "Allegations of the plaintiff's complaint are taken as true ***except to the extent that they are contradicted by defendant's affidavits***." *Id*. (citation omitted) (emphasis added).

The initial burden is on the plaintiff to sufficiently demonstrate that the non-resident defendant is within the provisions of the Texas long-arm statute. *Information Servs. Group, Inc., et al. v. Rawlinson*, 302 S.W.3d 392, 397 (Tex. App. – Houston Nov. 5, 2009) (citations omitted). The Texas long-arm statute governs this Court's exercise of jurisdiction over the nonresident defendant. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). The Texas Supreme Court has held that the long-arm statute's "broad language extends Texas courts' personal jurisdiction 'as far as the federal constitutional requirements of due process will permit.' " *Id.* (*quoting U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)).

DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER ON DEFENDANT'S MOTION TO DISMISS [D.E. 12]                                              PAGE 4 OF 12

Personal jurisdiction over a nonresident defendant is constitutional when two conditions are met: (1) the defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Rittenmeyer v. Grauer*, 104 S.W.3d 725, 734 (Tex. App.—Dallas 2003, no pet.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985). A nonresident defendant that has "purposefully availed" itself of the privileges and benefits of conducting business in the forum state has sufficient contacts to confer personal jurisdiction. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

"Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Digital Generation, Inc. v. Boring*, 2012 WL 1413886, at *3 (N.D. Tex. Apr. 24, 2012); *Information Servs. Group, Inc., et al. v. Rawlinson*, 302 S.W.3d 392, 398 (Tex. App. – Houston Nov. 5, 2009) (citations omitted) ("For a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, there must be substantial connection between those contacts and the operative facts of the litigation.").

After making a determination that the non-resident defendant has minimum contacts with the forum state, the fairness and reasonableness of exercising personal jurisdiction must then be weighed, which includes consideration of the following factors:  (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Boring*, 2012 WL 1413886, at *4 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987)).

### *1.   There is no general jurisdiction over Cadero.*

It is undisputed that Cadero is not subject to general jurisdiction in Texas. Plaintiff does not allege that Cadero has any continuous, systematic or substantial contacts with the State of Texas. Cadero has been a resident of the State of California and resided in the State of California for his *entire life*. D.E. 2-1, ¶4. Cadero is not generally subject to service process in Texas, does not own any property in Texas, and does he own or operate a company in Texas. *Id*. at ¶¶6-8. Cadero also does not regularly conduct business in the State of Texas. *Id*. at ¶8. Cadero does not have a Texas phone number, bank account or post office box, mainly because he has never lived in Texas nor does he intend to. *Id*. at ¶¶9-10. There is no basis for finding that Cadero is subject to general jurisdiction in the State of Texas.

### *2.   There is no specific jurisdiction over Cadero.*

Plaintiff has not established the existence of any specific jurisdiction over Cadero. Notably, Plaintiff does not allege in its Complaint or Amended Complaint that Cadero breached the Agreement *while in Texas*. *See Rawlinson*, 302 S.W.3d at 400 ("[A]ppellants do not allege that Rawlinson engaged in any acts constituting breach of contract in Texas . . . " to establish jurisdiction). "Merely contracting with a Texas company does not constitute purposeful availment for jurisdictional purposes. *Id*. (citing *IRA Res. Inc. v. Griego*, 221 S.W.3d 592, 597-98 (Tex. 2007); *Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 213 (Tex. App. – Houston 2003, pet. denied); *Shell Compania Argentina de Petroleo, S.A. v. Reef Exploration*, 84 S.W.3d 830, 838 (Tex. App. – Houston 2002, pet. denied)). Furthermore, simply being employed by a Texas company does not make an employee subject to jurisdiction in Texas. *Id*. (citing *Gonzalez v. AAG Las Vegas, LLC*, 317 S.W.3d 278, 285-87 (Tex. App. – Houston 2009, no pet.); *Rushmore*

*Inv. Advisors, Inc. v. Frey*, 231 S.W.3d 524, 530 (Tex. App. – Dallas 2007, no pet.); *Gustafson v. Provider HealthNet Servs., Inc.*, 118 S.W.3d 479, 483 (Tex. App. – Dallas 2003, no pet.)).

In the Complaint and Amended Complaint, Plaintiff asserts that there is personal jurisdiction over Cadero, a non-resident defendant, based on established minimum contacts with Texas. D.E. 9, ¶4; D.E. 2, Exh. 2, Tab 4, ¶5. Further, Plaintiff claims that Cadero purposefully availed himself of the privileges of conducting activities in Texas. *Id*. What is completely absent from the Complaint are any allegations that Cadero engaged in any misconduct *while in Texas*.

Plaintiff's claims are for breach of contract, conversion and trade secret misappropriation, upon which it seeks damages and injunctive relief. The focus of the Complaint is on Cadero's employment with a "rival real estate seminar company" in violation of the Agreement. D.E. 9, ¶26; D.E. 2, Exh. 2, Tab 4, ¶13. Furthermore, Plaintiff does not contend that Cadero disclosed confidential information to a third party *while in Texas*. *Id*. Based on Plaintiff's own assertions, none of Cadero's alleged breaches would have occurred *outside of Texas*, namely in California where he lives and works. As such, any alleged breaches, conversions or misappropriations would have occurred *outside of Texas*.

Further, Plaintiff does not contend that Cadero committed a violation of the Agreement while in Texas *before* he began working for another seminar company. There are absolutely no allegations that: (1) Cadero ever exercised control over Plaintiff's proprietary information and refused to return the information to Plaintiff *while in Texas*; or (2) Cadero misappropriated Plaintiff's trade secrets and confidential information *while in Texas*. Therefore, Plaintiff does not allege that Cadero engaged in any acts alleged in the Complaint or Amended Complaint *while in Texas*.

Furthermore, Cadero is a former employee of Plaintiff, not a current employee. Merely signing a prior agreement with Plaintiff, in order to perform work for Plaintiff, does not constitute purposeful, *indefinite* submission to jurisdiction in Texas. *See Rawlinson*, 302 S.W.3d at 400. The mere fact that Cadero worked for a Texas corporation does not make him *now* subject to personal jurisdiction in this forum, contrary to Plaintiff's assertions. *See* D.E. 10, p. 5. Plaintiff has asserted no facts alleging any intent on the part of Cadero to avail himself in this forum, and any such allegations would be inaccurate, in any event. Based on this information, which is contradicted by Cadero's declaration, there is no specific jurisdiction over Cadero, and the Court should dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction.

### 3. *Exercising personal jurisdiction is not reasonable and offends the traditional notions of fair play and justice.*

Even if Cadero had minimum contacts with the State of Texas, which Cadero denies, the exercise of personal jurisdiction would not be fair or reasonable. The factors to determine whether the exercise of jurisdiction would be fair and reasonable include: (1) the burden imposed on Cadero; (2) Texas' interests in the matter; (3) Plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) Texas' shared interest in furthering social policies. *See Boring*, 2012 WL 1413886, at *4 (citation omitted). As previously argued, these factors persuade against the exercise of jurisdiction under the facts presented at bar.

The burden on Cadero would be significant. Being hauled back to Texas to litigate the Agreement, merely entered into with a Texas corporation, would be extremely burdensome because Cadero is located significantly beyond Texas, namely in California. The burden is exacerbated given that Plaintiff does not allege that Cadero violated the Agreement *in Texas*.

Further, Cadero does not, nor has he ever resided in, Texas and has not been accused of violating the Agreement *in Texas*.

Texas obviously is more convenient and effective for Plaintiff's purposes. But this convenience is significantly outweighed by the burden placed on Cadero, an individual, not a corporation, who would have to travel back to Texas and defend himself in this forum with which he maintains no connection. Texas has just as much interest in allowing this dispute to be heard in California as it does in keeping it in Texas. California is available for Plaintiff to pursue its claims against Cadero and is the respective jurisdiction in which Plaintiff alleges the breaches of the Agreement occurred. As such, California has a greater interest in this litigation than Texas.

Finally, Texas' shared interest in social policies is minimal. *Plaintiff has not alleged that Cadero breached the Agreement in Texas*. Nor does Plaintiff contend that Cadero has disclosed or wrongfully exercised control over any confidential or proprietary information of Plaintiff *in Texas*. Therefore, requiring Cadero to litigate in this jurisdiction would not be reasonable and offends the traditional notions of fair play and justice.

**B.     Improper Venue – Fed. R. Civ. P. 12 (b)(3)**

Plaintiff argues that Defendant waived his right to challenge venue in this jurisdiction by removing the action to this Court. *See* D.E. 10, pp. 6-8. Under 28 U.S.C. §1391(b), venue is proper where a defendant resides, where a substantial part of the events or omissions giving rise to the claims occurred, and where the defendant is subject to personal jurisdiction. Defendant is a California resident and not subject to personal jurisdiction in Texas.

In the cases upon which Plaintiff relies, there were no challenges to personal jurisdiction in conjunction to the challenge to venue. *See Polizzi v. Cowles Magazines*, 345 U.S. 663 (1953);

*Robles v. USA Truck, Inc.*, 2009 WL 677935 (S.D. Tex. Mar. 12, 2009); *Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F. Supp. 503 (N.D. Tex. 1998). However, a court may grant a motion to transfer or dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(3) after being removed to federal court where there is nothing alleged in the complaint that suggests the defendant would be subject to *jurisdiction* in Texas. *See Reborn v. Nevada State Educ. Assoc., et al.*, 2014 WL 2960011, at *5 (N.D. Tex. June 30, 2014) (noting that the plaintiff's failure to demonstrate that the defendants were subject to personal jurisdiction in Texas and finding that venue was proper in the District of Nevada and could not lie in the Northern District of Texas).[1]

WHEREFORE, Cadero respectfully requests that this Court reconsider its prior order [D.E. 12] and dismiss this action for lack of personal jurisdiction or improper venue, transferring the case to the Central District of California.

---

[1] Even if the Court were to find that venue was proper based on removal to this Court, the Court may still transfer this case to the Central District of California (where a related case is now pending). *See* 28 U.S.C. §1404(a). *Real Estate Training Int'l, LLC v. The Nick Vertucci Companies, Inc., et al.*, Case No. 14-cv-0546 AG (DFMx) was previously removed from Texas State Court to the Western District Court of Texas. The Court granted the defendants' motion filed pursuant to Fed. R. Civ. P. 12(b)(3) and, instead of dismissing the action, transferred the case to the Central District of California. [D.E. 28]. Alternatively, the Court noted that the case could also be transferred to the Central District of California pursuant to 28 U.S.C. §1404(a).

Respectfully submitted,


*/s/ Clint A. Corrie*
Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT
MARK CADERO**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on this 15th day of October, 2014:

    J. Wes Huesser, II, Esq.
weshuesser@yahoo.com
Andrew J. Moon, Esq.
andrew.j.moon@gmail.com
andym@teamarmando.com
2935 Thousand Oaks Drive, #6-285
San Antonio, Texas 78247

                                      */s/ Clint A. Corrie*
                                      Clint A. Corrie