IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 5:14-cv-00587-HLH |
| v. | § § § | [Removed from the 73rd Judicial District Court of Bexar County, Texas] |
| MARK CADERO, | § § | |
| *Defendant.* | § § § | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Mark Cadero ("Cadero"), moves to dismiss the First Amended Complaint filed by Plaintiff Education Management Services, LLC ("Plaintiff"). [D.E. 9]. As set forth below, Plaintiff failed to state a claim upon which relief can be granted.[1] In support of this Motion, Cadero states as follows:

### I.     BACKGROUND

Cadero previously worked with Plaintiff, a real estate seminar training company, beginning in 2010. Cadero executed a contractor agreement with Plaintiff in January 2013 (the "Contractor Agreement" or "Agreement"). *See* D.E. 2, Exh. 2, Tab 4, Att. 1. Under the Contractor Agreement, Cadero provided services as a "front end sales provider" for certain events and/or seminars sponsored by Plaintiff or its affiliates. The contractual relationship ended between Plaintiff and Cadero in July 2013.

---

[1] Separately, Cadero is filing a Motion for Reconsideration of the Court's Order and determination of his previous motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

On June 23, 2014, Plaintiff filed a lawsuit in the 73rd Judicial District Court of Bexar County, Texas, styled *Education Management Services, LLC v. Mark Cadero*, Cause No. 2014-CI-09849, the Original Petition and Application for Temporary Restraining Order and Temporary Injunction ("Original Petition"). Cadero removed this action to federal court on July 2, 2014 [D.E. 2], on the basis of diversity jurisdiction because Cadero is a California resident, and Plaintiff is a Texas-based company.

Cadero moved to dismiss Plaintiff's Original Complaint on September 17, 2014. [D.E. 8]. At the same time that Plaintiff filed its Response to that Motion to Dismiss, [D.E. 10]. Plaintiff filed its First Amended Complaint on October 1, 2014, [D.E. 9], attempting to address the factual deficiencies of its Original Complaint. The Court denied the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) but permitted Cadero to re-file this Motion pursuant to Fed. R. Civ. P. 12(b)(6). [D.E. 12].[2]

In the Amended Complaint, Plaintiff asserts that same three claims for breach of contract, conversion and misappropriation of trade secrets. Plaintiff claims that Cadero breached the Agreement, executed on January 1, 2013, by working for another company following his separation from Plaintiff in July 2013. *Id*. at ¶14, 19, Exh. A. Furthermore, Plaintiff claims that Cadero has retained its trade secret information and used said information in his subsequent employment. *Id*. at ¶21-22.

## II.   LEGAL ANALYSIS

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face. " *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974

---

[2] Defendant asserts his arguments related to personal jurisdiction and venue in his Motion for Reconsideration.

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 127 S.Ct. at 1964-65; *see* Fed. R. Civ. P. 8(a). Plaintiff's claims alleged in the First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### A.     *Breach of Contract*

The elements of a claim for breach of contract under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.); *see Mae v. U.S. Property Solutions, LLC, et al.*, 2009 WL 1172711, at *2 (S.D. Tex. Apr. 28, 2009) (same).

In this case, Plaintiff alleges that Cadero disclosed and is currently using various trade secrets, along with proprietary and confidential information, owned by Plaintiff in violation of the Agreement. [D.E. 9, ¶26]. Additionally, Plaintiff asserts that Cadero is currently working with and/or for a "rival real estate seminar company" that provides similar products and services as Plaintiff in violation of the Agreement.[3]  *Id*. at ¶27. As a result, Plaintiff states, in a conclusory fashion, that Cadero has proximately caused Plaintiff's alleged damages.  *Id*.

---

[3] The suit against the "rival real estate seminar firm" explains the factual deficiencies of the Original and the First Amended Complaint. The reason Plaintiff fails to articulate specific facts against Defendant is because the target of this suit, along with others filed by the Plaintiff against former employees who are now working with the "rival real estate company" is the "rival" company. Plaintiff, on very thin to no evidence, has sued some of its former employees on cases where virtually no supporting facts are alleged. Plaintiff fails to explain the contradiction of its own pleadings – that Defendant worked for it for 3 years, but he did not sign an employment agreement until 2013.

However, other than mere conclusory assertions of "use" of alleged confidential, there are no facts stated that identify the source of any information. Plaintiff has to allege: a wrongful misuse; facts that Defendant has or retained any confidential information of the Plaintiff; how Plaintiff knows he has its confidential information; and/or how Defendant has used the information in violation of any agreement he signed. In short, the First Amended Complaint suffers from the same deficiencies as the Original Complaint – it is based on assumptions and innuendos – not facts that would reasonably lead to a conclusion that the Defendant has violated any agreement with Plaintiff.

Additionally, Plaintiff has not stated any facts to even demonstrate that it has suffered any damages based on an alleged breach of the Agreement. Therefore, Plaintiff fails to state facts sufficient to state a claim on essential elements of the cause of action for breach of contract, and this claim must be dismissed.

    **B.**    *Conversion*

"To state a claim for conversion, the plaintiff must allege: (1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *Butler Capital Corp. v. Firehouse of America, LLC*, 2011 WL 8115726, at *3 (E.D. Tex. Sept. 30, 2011) (citing *Arthur W. Tifford, P.A. v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009)).

To state its claim for conversion, Plaintiff alleges that Cadero "wrongfully exercised dominion and control over Plaintiff's proprietary information and materials . . . ." D.E. 9, ¶30. But these are nothing more than conclusory allegations, repeating elements of the causes of action without any supporting facts. The deficiency the conversion facts is telling and threshold.

If Defendant has not wrongfully converted the Plaintiff's property, then Plaintiff's claims do not survive. The problem is that the First Amended Complaint, like its predecessor, does not have facts asserting a wrongful use by Defendant after he left employment with Plaintiff. In summary, once again, the First Amended Complaint does not have supporting facts.

The First Amended Complaint is devoid of any assertion that Plaintiff demanded the return of any converted property or how Cadero has allegedly exercised dominion and control, excluding Plaintiff. It simply states that it now "seeks the immediate return of all information and materials" regarding Plaintiff, without specifically identifying what Plaintiff materials Cadero has in his control, how he got them, and where he took them. *Id.* at ¶32. Because Plaintiff has not identified any of these facts, including that it demanded the return of property within Cadero's control to which it has been excluded (and does not identify what this property is or that Cadero refused to return any property), Plaintiff has not stated facts supporting several critical elements of a claim for conversion. *See Butler Capital Corp.*, 2011 WL 8115726, at *4 ("Accordingly, since the well-pleaded facts show that the Plaintiff did not demand return of the [materials], the Plaintiff has not alleged facts sufficient to state a claim for conversion.").

Additionally, Plaintiff's conversion claim is duplicative of its breach of contract claim. The economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Memorial Hermann Healthcare System Inc. v. EurocopterDeutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008); *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). A claim in tort will not lie when the only injury is for economic damages that are caused by a failure to perform under a contract. *See Sterling Chems, Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796-98 (Tex. App. – Houston [1st Dist.] 2007, pet. denied). As such, the conversion claim should be dismissed.

C.     *Misappropriation of Trade Secrets*

In Texas, a claim for misappropriation of trade secrets requires a plaintiff to show that: (a) a trade secret existed; (b) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization from the plaintiff.[4]  *Phillips v. Frey*, 20 F.3d 623, 627 (5th Cir. 1994); *Trilogy Software, Inc. v. Callidus Software Inc.*, 143 S.W.3d 452, 463 (Tex. App.—Austin 2004, pet. denied).  Under Texas law, the general rule is that a party may only maintain a tort claim, in addition to a claim for breach of contract, if the tort claim is independent of the contract claim. *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).  To determine whether the tort claim is independent of the breach of contract claim, the defendant's conduct must give rise to liability <u>independent</u> of the fact that a contract exists, or existed, between the parties.  *Id*.  "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract."  *Id*.

As with the conversion claim, Plaintiffs trade secret misappropriation claim is not supported by facts and is duplicative of the breach of contract claim.  Plaintiff makes no allegations of any conduct of Cadero that is independent of the alleged breach of contract claim and suffers from the same factual inadequacies as that claim.  Plaintiff even asserts that Cadero was provided with access to the alleged confidential information pursuant to the terms of his Agreement with Plaintiff, including provisions of confidentiality set forth therein. *See* D.E. 9, ¶18, Exhibit A]; *Vikon Int'l, Inc. v. Sensorlogic, Inc.*, 2009 WL 2474669, at *8 (N.D. Tex. Aug. 12, 2009) (finding that the plaintiff failed to state a cause of action on its misappropriation of trade secrets claim to the extent that it was based on information covered by the contract in the

---

[4]  *See* Tex. Civ. Prac. & Rem. Code § 134A.002(3).

plaintiff's breach of contract claim).  As such, the misappropriation of trade secrets claim should be dismissed.

WHEREFORE, Cadero respectfully requests that this Court dismiss Plaintiff's First Amended Complaint for its failure to state a claim upon which relief can be granted.[5]

Respectfully submitted,

 /s/ Clint A. Corrie
Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT MARK CADERO**

---

[5] Pursuant to Local Rule CV-7 of the Western District of Texas, Defendant was not required to confer with Plaintiff prior to filing this Motion to Dismiss, which is a dispositive motion.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on this 15th day of October, 2014:

    J. Wes Huesser, II, Esq.
    weshuesser@yahoo.com
    Andrew J. Moon, Esq.
    andrew.j.moon@gmail.com
    andym@teamarmando.com
    2935 Thousand Oaks Drive, #6-285
    San Antonio, Texas 78247

                                          */s/ Clint A. Corrie*
                                          Clint A. Corrie