IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | No. SA-14-CA-587 |
| MARK CADERO, | § § § | |
| Defendant. | § | |

## ORDER REGARDING MOTION TO DISMISS

On June 20, 2014, the Plaintiff filed this civil action for damages and other relief in the 73rd District Court of Bexar County, Texas. On July 2, 2014, the Defendant removed the case to this Court asserting subject matter jurisdiction on the basis of diversity of citizenship and amount in controversy. The Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Plaintiff has filed a response, and the Defendant has filed a reply. Having considered the motion, response, and reply, the Court finds that the Defendant's motion to dismiss should be granted in part and denied in part.

### I. Introduction

The Plaintiff alleges the following facts in its first amended complaint: Armando Montelongo Companies, Inc. (AMC) is a Texas corporation that is owned by Armando Montelongo, Jr. Armando Montelongo Seminars (AMS) is a subsidiary of AMC that organizes and operates real estate seminars. Plaintiff Education Management

Services is another subsidiary of AMC whose main function is to provide administrative and staffing services to AMS and other AMC subsidiaries. On January 1, 2013, the Defendant accepted an offer of employment from the Plaintiff and began to work as a "closer" at AMS seminars. Pursuant to his employment, the Defendant signed non-compete and non-disclosure agreements with the Plaintiff under which he agreed (1) to refrain from working with any company that directly competes with the Plaintiff within 36 months of his employment with the Plaintiff; and (2) not to disclose any of the Plaintiff's confidential information to any third party. In the course of his employment, the Defendant received access to certain trade secrets, including specialized compliance training regarding state and federal consumer protection rules developed by the Plaintiff's employees and in-house attorneys. On July 1, 2013, the Defendant resigned from the Plaintiff's employment. Five months later, in December 2013, he began working for Nick Vertucci, an individual in California who competes with AMS in conducting real estate seminars. The Defendant has disclosed to Nick Vertucci, and has used in the course of his work, the confidential compliance training materials he obtained from the Plaintiff. The Plaintiff alleges that it has suffered injury as a result of Plaintiff's breach of the non-compete and non-disclosure agreements.

In its first amended complaint, the Plaintiff asserts claims for breach of contract, conversion, and misappropriation of trade

secrets. The Defendant has filed a motion to dismiss, arguing that (1) the Plaintiff's breach of contract claim should be dismissed because it has failed to allege facts establishing every element of breach of contract; (2) the Plaintiff's conversion claim should be dismissed because it has failed to allege facts establishing every element of conversion and this claim is duplicative of its breach of contract claim; and (3) the Plaintiff's misappropriation of trade secrets claim should dismissed because it is duplicative of its breach of contract claim. The Plaintiff's response does not address the Defendant's arguments with respect to the conversion claim, so the Court concludes that it has abandoned it and will grant the motion to dismiss with respect to that claim.

## II. Breach of Contract

To state a claim for breach of contract, a Plaintiff must allege (1) the existence of a valid contract; (2) performance by the Plaintiff; (3) breach by the Defendant; and (4) damages. **Mays v. Pierce**, 203 S.W.3d 564, 575 (Tex. App. Houston [14th Dist] 2006, pet. denied). The Defendant argues that the Plaintiff's allegations fall short because the Plaintiff has failed to allege sufficient details surrounding the breach or the damages caused by the breach. Specifically, the Defendant asserts that the Plaintiff must allege the details of "a wrongful misuse; facts that Defendant has or retained any confidential information of the Plaintiff; how Plaintiff knows he has its confidential information; and/or how

Defendant has used the information in violation of any agreement he signed." Mot. to Dismiss, Doc. No. 14 at 4. The Court finds the Defendant's arguments unpersuasive. A plaintiff is not required to plead every detail of its case in a complaint, but need only "state a claim for relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly,** 550 U.S. 544, 570 (2007). That is, a plaintiff must plead "factual content that allows the court to draw the reasonable inference" of liability. **Ashcroft v. Iqbal,** 556 U.S. 662, 678 (2009). In the instant case, the Plaintiff's allegations are sufficient to draw such an inference.

With respect to the non-compete agreement, the Plaintiff has alleged that despite his agreement not to work with a competing company within 36 months of his employment with the Plaintiff, the Defendant began working for Nick Vertucci five months after resigning from EMS. With respect to the non-disclosure agreement, the Plaintiff has alleged that it disclosed confidential compliance training information to the Defendant, and that the Defendant has disclosed that information to a competitor to improve the competitor's business. These allegations are sufficient to state claims of breach of contract. Additionally, the Plaintiff has identified the source of its alleged damages: that the Defendant is enriching a direct competitor's business by working for it and disclosing valuable proprietary information to the new employer. Because the Plaintiff has alleged sufficient facts to support an

inference of liability for breach of contract, the motion to dismiss must be denied as to this claim.

### III. Misappropriation of Trade Secrets

The Texas Uniform Trade Secret Act (TUTSA) provides a cause of action for misappropriation when (1) a trade secret exists; (2) the defendant disclosed or used the trade secret without the plaintiff's consent; (3) the defendant used improper means to acquire knowledge of the trade secret; and (4) damages as a result of misappropriation. TEX. CIV. PRAC. & REM. CODE § 134A.002. The Defendant argues that the Plaintiff's claim of misappropriation of trade secrets must be dismissed because it is duplicative of its breach of contract claim.

As a general rule, a party may not recover under a tort theory when "the only loss or damage is to the subject matter of the contract." **Sw. Bell Tel. Co. v. DeLanney**, 809 S.W.2d 493, 494 (Tex. 1991). However, when "a defendant's conduct - such as negligently burning down a house - would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort." **Id.** In the instant case, the Plaintiff bases its TUTSA claim on the following series of events: the Defendant agreed not to disclose the Plaintiff's trade secrets to any third party, the Plaintiff disclosed trade secrets to the Defendant pursuant to that agreement, and the Defendant disclosed those trade secrets to a third party in violation of the

agreement. The Plaintiff has not alleged that the Defendant acquired knowledge of the trade secrets by using any improper means – an essential element of a misappropriation claim under TUTSA. Instead, it attempts to hold the Defendant liable under TUTSA based only on his breach of the non-disclosure agreement. Because the Plaintiff has not alleged facts establishing the breach of any legal duty independent of the non-disclosure agreement, its claims sound only in contract. Therefore, its misappropriation of trade secrets claim must be dismissed.

### IV. Conclusion

Because all of the Plaintiff's claims arise out of the Defendant's alleged breach of the non-disclosure and non-compete agreements, the Plaintiff's tort claims fail as a matter of law. The only claim remaining against the Defendant is the Plaintiff's claim for breach of contract.

It is therefore ORDERED that, with respect to the Plaintiff's claims of conversion and misappropriation of trade secrets, the Defendant's motion to dismiss (Doc. No. 14) be, and it is hereby, GRANTED.

It is further ORDERED that the Plaintiff's claims of conversion and misappropriation of trade secrets be, and they are hereby, DISMISSED WITH PREJUDICE.

It is further ORDERED that, in all other respects, the Defendant's motion to dismiss be, and it is hereby, DENIED.

It is further ORDERED that the Defendant file his answer to the amended complaint no later than December 1, 2014.

SIGNED AND ENTERED THIS 18th day of November, 2014.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE