IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> MARK CADERO <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 5:14-cv-00587-HLH <br> ) [Removed from the 73rd Judicial District <br> ) Court of Bexar County, Texas] <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERLA RULE OF CIVIL PROCEDURE 59(e)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, Education Management Services LLC, ("Plaintiff") and files this Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule 59(e) and in support thereof will respectfully show the Court as follows:

**I. INTRODUCTION**

Plaintiff commenced this action on June 23, 2014, by filing suit against Defendant, Mark Cadero ("Defendant") in the 73rd District Court located in Bexar County, Texas. In its Original Petition and application or temporary restraining order and temporary injunction Plaintiff asserted claims for (1) Breach of Contract; (2) Conversion; and (3) Trade Secret Misappropriation in violation of the Texas Uniform Trade Secrets Act ("TUTSA"). On July 2, 2014, Defendant removed the suit to this Court on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

///

After Plaintiff filed its First Amended Complaint (the "FAC"), on October 1, 2014, Defendant filed his second Motion to Dismiss on October 15, 2014. [Dkt. No. 14]. In his Motion to Dismiss, Defendant argued that Plaintiff's trade secret misappropriation claim should be dismissed pursuant to the economic loss rule. Defendant argued the economic rule bars tort claims that are duplicative of breach of contract claims. *See* [Dkt. No. 14].

Plaintiff, in defense of its misappropriation claim, argued the statutory language of the Texas Uniform Trade Secrets Act ("TUSTA") negated Defendant's argument. Plaintiff based its argument on the fact the plain language of TUTSA allows Defendant's alleged actions (breach of confidentiality agreement) to constitute the basis of a both a breach of contract and trade secret misappropriation claim. *See* [Dkt. No. 15]

On November 18, 2014, the Court entered its order granting and denying in part Defendant's Motion to Dismiss. [ Dkt. No. 18]. The order denied dismissal of Plaintiff's breach of contract claim. But the Court granted the dismissal of Plaintiff's Misappropriation Claim. The Court found the misappropriation claim was barred by the economic loss rule. (*Id*).The Court also found the economic loss rule prevented Plaintiff from alleging that Defendant's breach of contract constituted an acquisition of Plaintiff's trade secrets by improper means. *See* (*Id*). Improper means is a necessary element of a statutory claim for misappropriation. Thus, Plaintiff is unable sufficiently plead a claim for misappropriation of trade secrets based on Defendant's breach of his confidentiality agreement. *See* (*Id*).

Pursuant to Rule 59(e), Plaintiff respectfully asks the Court to reconsider its order of dismissal of the trade secret misappropriation claim, deny Defendant's Motion to Dismiss in full [Dkt. No. 14], vacate its judgment, and reinstate the trade secret misappropriation claim. Plaintiff's Motion is warranted for the following reasons: (1) The Court clearly erred in dismissing Plaintiff's TUTSA action

by finding that Defendant's breach of his confidentiality agreement did not constitute an acquisition of Plaintiff's trade secrets through improper means. The Court's interpretation of TUTSA's definition of improper means contradicts the plain wording of statute and is an erroneous view of the law; and (2) the Court clearly erred in dismissing Plaintiff's trade secret misappropriation claim based on a clearly erroneous application of Texas's economic loss rule. For one, TUTSA plainly states that a breach of contract claim can be maintained, whether or not, that breach also constitutes a misappropriation of trade secrets. Moreover, Texas common law allows a plaintiff to base a misappropriation claim on a defendant's breach of an explicit confidentiality agreement; and (3) the Court clearly erred in finding that Defendant did not breach an independent duty owed to Plaintiff to not disclose and use Plaintiff's trade secrets in violation of the confidentiality agreement entered into between Plaintiff and Defendant.

## II. ARGUMENT AND AUTHORITIES

A.  **TUTSA specifically allows for Plaintiff EMS to maintain both its Breach of Contract and Misappropriation Claims**.

In dismissing Plaintiff's trade secret misappropriation claim, the Court looked past the plain reading of TUTSA. In particular, TUTSA specifically allows Plaintiff to maintain its misappropriation claim, even though the claim arises from a breach of Defendant's contractually based duty of confidentiality. Therefore, the Court reached an incorrect conclusion in finding that Plaintiff's misappropriation cause of action should be dismissed for failure to state a claim.

1. *Defendant's Breach of his non-disclosure agreement constitutes improper means*.

It appears the Court based its decision to dismiss Plaintiff's misappropriation claim, in part, on finding that Plaintiff did not allege Defendant acquired the Plaintiff's trade secrets through improper means. *See* [Dkt. No. 18]. However, Defendant's breach of his confidentiality agreement does constitute improper means within the plain meaning of TUTSA. Therefore, the Court erred in finding Defendant's breach of his confidentiality agreement was not an acquisition through improper means.

When interpreting a statute, a court should look to the statute's plain language. *Wallace v. Rogers (In re Rogers)*, 513 F.3d 212, 225-26 (5th Cir. 2008). If the statute's "language is plain, the sole function of the court…is to enforce [the statute] according to its terms. *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 518, (5th Cir. 2004). Then, only if the statutory language is ambiguous, should the court look to other sources to assist in the interpretation. *See Rogers*, 513 F.3d at 225-26. "For the language to be considered ambiguous…it must be "susceptible to more than one reasonable interpretation" or "more than one accepted meaning." *Carrieri*, 393 F.3d 508 at 519.

The plain language of TUTSA is broad and allows person to be found liable for misappropriating another's trade secrets in multiple ways. One way a person can be found liable for the misappropriation another's trade secrets is when that person disclosures or uses a trade secret of another without express or implied consent. *See* Tex. Civ. Prac. & Rem. Code § 134A.002(3)(A)-(B). However, as the Court pointed out, the trade secret's use or disclosure must be predicated on the trade secret being acquired through "improper means." *See* [Dkt. No. 18]. But, TUTSA's definition of "improper means" is also intentionally broad. *See* Tex. Civ. Prac. & Rem. Code § 134A.002(2); *See also E. I. Du Pont de Nemours & Co. v. Christopher*, 431 F.2d 1012, 13 (5th Cir. 1970)(ruling on Texas common law that the meaning of improper means is very broad). The statute's definition of "improper means" "includes…**breach** or inducement of a breach **of a duty to maintain secrecy, to limit use**, or to prohibit discovery of a trade secret…or other means" Tex. Civ. Prac. & Rem. Code § 134A.002(2). The term "duty to maintain secrecy or limit use" is also broad. TUTSA contains no language that prevents the definition of "duty to maintain secrecy or limit use" from including a contractually based duty. Nor does any other section of TUTSA prevent the definition of improper means from including a breach of a confidentiality agreement. Since the definition of improper means is drafted broadly, it can only lead to the conclusion that TUTSA either extends protection to a

contractually imposed "duty to maintain secrecy" or "limit use" or defers to Texas common law on this issue.

Here, there is no question Plaintiff and Defendant entered into a confidentiality agreement. *See* [Dkt. No. 9; Ex. A]. Defendant's duty to maintain secrecy and limit the use of Plaintiff's trade secrets was established by the 2013 Agreement's confidentiality agreement. *Id.* As the Court found, the FAC alleges that Defendant's actions in working for Vertucci breached his confidentiality agreement, because he has neither maintained secrecy or limited his use of Plaintiff's trade secrets. *See* [Dkt. No.18]. Therefore, for the purposes of the Motion to Dismiss, a plain reading of TUTSA in conjunction with the alleged facts, can lead to no other conclusion, Plaintiff properly alleged Defendant used improper means to acquire Plaintiff's trade secrets. *See Mobius Med. Sys., LP v. Sun Nuclear Corp.*, 2013 U.S. Dist. LEXIS 175026, (S.D. Tex. Dec. 10, 2013)( citing TUTSA Court states contract provides prima facie evidence of confidential relationship).

2. <u>Texas common law supports the proposition that Defendant's breach of his Confidentiality agreements constitutes improper means under TUTSA</u>.

Plaintiff recognizes that TUTSA was recently enacted on September 1, 2013, and there are few rulings regarding the various provisions of the statute. Further, there are even less rulings regarding the statute's definition of "improper means." But there are an abundance of state and federal court opinions supporting the position that Defendant used improper means to acquire Plaintiff's trade secrets. Time and again, Texas appellate courts and the Fifth Circuit have found that a breach of a confidentiality agreement constitutes improper means for the purpose maintaining a misappropriation action. Therefore, since Plaintiff sufficiently alleged that Defendant acquired the Plaintiff's trade secrets by improper means, the Court should reconsider its decision to dismiss Plaintiff's TUTSA claim.

Under Texas common law, a cause of action for trade secret misappropriation required a plaintiff to show: "(a) a trade secret existed; **(b) the trade secret was acquired through a breach of a**

**confidential relationship or discovered by improper means**; and (c) use of the trade secret without authorization from the plaintiff." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874, (5th Cir. 2013). Here, the second element of a common law misappropriation action is at issue. Texas Courts and the Fifth Circuit have consistently held a breach of a contractual duty to maintain a confidentiality satisfies the second element of a misappropriation claim. The Texas Supreme Court in *Hyde Corp. v. Huffines*, expressly held that "a breach of confidence under the rule stated in [the Restatement of Torts] *may also be a breach of contract* which subjects the actor to liability..." *See e.g. Hyde Corp. v. Huffines*, 314 S.W.2d 763, (Tex. 1958); *Cited by Metallurgical Industries, Inc. v. Fourtek, Inc.*, 790 F.2d 1195, 1203 (5th Cir. 1986); *Zoecon Industries, Div. of Zoecon Corp. v. American Stockman Tag Co.*, 713 F.2d 1174, 1178-79 (5th Cir. 1983)(specifically stating confidential relationship can be established by contract); *See also Sikes v. McGraw-Edison Co.*, 665 F.2d 731, 735-37 (5th Cir. 1982)(considering breach of a non-disclosure agreement the equivalent of breach of confidential relationship); *See In re Cooper Tire & Rubber Co.*, 313 S.W.3d 910, (Tex. App. - Houston [14th Dist.] 2010)(acknowledgement that second element met where plaintiff required defendant to sign confidentiality agreement).

More recently, the Fifth Circuit in *Tewari De-Ox Sys. v. Mountain States/Rosen, L.L.C*, held a breach of a non-disclosure agreement falls under the definition of "improper means." *See Tewari De-Ox Sys. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 611 (5th Cir. 2011). *See also E. I. Du Pont de Nemours & Co. v. Christopher*, 431 F.2d 1012, 13 (5th Cir. 1970)(the meaning of improper means is very broad). In *Tewari*, the Court held that where the plaintiff disclosed its trade secret (a meat packing process) to the defendant (meat whole seller) pursuant to a non-disclosure agreement, the defendant's subsequent breach, constituted a breach of confidence. *See Id* at 611; *See also Versata Software, Inc. v.*

*Infosys Techs. Ltd.*, 2013 U.S. Dist. LEXIS 186540, * 14-16 (W.D. Tex. Sept. 6, 2013)(duty to maintain confidentiality imposed by contractual confidentiality provision).

Under Texas common law, the binding precedent is clear, a confidential relationship, can be created by a contract. While TUTSA's definition of improper means does not include the term "confidential relationship," the statutory language uses the term "duty to maintain secrecy." Tex. Civ. Prac. & Rem. Code § 134A.002(2). The plain meaning of "duty to maintain secrecy" not only implies a duty of confidentiality, but also uses the word "secret" in its definition. Confidential Definition, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/ confidential (last visited December 9, 2014). Therefore, when considering over 60 years of Texas trade secret law, the newly enacted TUTSA' definition of "improper means" is clear. Improper means can only be read to include breach of an explicit confidentiality agreement, as Defendant did in this case. Thus, the Court should reconsider its decision and vacate its order to dismiss Plaintiff's trade secret cause of action for failing to state a claim.

B. <u>**The economic loss rule does not bar Plaintiff's Trade Secret Misappropriation Claim**</u>.

The Court also based its dismissal Plaintiff's misappropriation claim on the economic loss rule, as set forth in *Southwestern Bell Tel. Co. v. Delanney. See* [Dkt. No. 18]. But the Court's reliance on *Delanney* overlooks the fact that Texas law has long imposed an independent duty apart from any contract, on those who receive trade secrets pursuant to a confidential relationship. Moreover, the Court overlooked the TUTSA' statutory construction, which allows Plaintiff to maintain both trade secret misappropriation and breach of contract claims. Since the Court's application of the economic loss rule to dismiss claims is clearly erroneous, the Court should rescind its dismissal and reinstate the claim.

///

(1) *This case is distinguishable from Delanney*

The Texas Supreme Court held in *Southwestern Bell Tel. Co. v. Delanney,* the economic loss rule should be applied to limit a plaintiff's recovery to only breach of contract damages, when the loss sued on arises solely from the subject matter of a contract. *See Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494 (Tex. 1991); S*ee Formosa Plastics Corp. United States v. Presidio Eng'Rs & Contrs.*, 960 S.W.2d 41, 45 (Tex. 1998). In *Delanney*, the Court found that while the defendant's negligence may have breached its contract with the plaintiff, the breach could not support plaintiff's negligence claim. *Delanney*, 809 S.W.2d. at 494. The Court reasoned that the contract created the only duty owed between the parties, and since no other independent duty was breached, the plaintiff's negligence action mirrored a breach of contract action. (*Id*). Therefore, since the nature of the injury arose only from the contract, and not some other independent duty, the plaintiff's negligence claim was barred by the economic loss rule. (*Id*). But, the *Delanney* Court also held, when the a defendant's conduct gives rise to liability independent of the fact a contract exists, liability in tort may be found. (*Id*); *Formosa*, 960 S.W.2d at 46 (citing *Crawford v. Ace Sign*, 917 S.W.2d 12 (Tex. 1996)). As the Court explained in *Wal-Mart Stores, Inc. v. Sturges*, an independent [duty] does not mean "that the plaintiff must be able to prove an independent tort. Rather…the plaintiff must prove…defendant's conduct would be actionable under a recognized tort." *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, (Tex. 2001)(describing pleading standard for tortious interference with prospective business relations). In *Sharyland Water Supply Corp. v. City of Alton*, the Texas Supreme Court stated the "economic loss rule has never been a general rule of tort law; it is a rule in negligence and strict product liability." *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 (Tex. 2011)(in context of deciding whether the rule can be applied to third parties not in privity of contract). Here, this case is wholly distinguishable from *Delanney* and progeny.

Here, Plaintiff did plead an independent tort separate from the breach of contract claim. As discussed above, Texas courts and the Fifth Circuit consider the existence of a confidentiality agreement an element of the common law tort of trade secret misappropriation. The breach of a duty to maintain secrecy (confidentiality) is also an element of a misappropriation claim under TUTSA. *See* § 134A.002(2). Moreover, courts interpreting Texas law consistently allow breach of contract and misappropriation claims to move forward without giving any consideration to the economic loss rule. *See e.g. Spear Mktg. v. Bancorpsouth Bank*, 2013 U.S. Dist. LEXIS 92200,*18-19 (N.D. Tex. July 1, 2013)(refusing to dismiss misappropriation, unjust enrichment, and breach of contract claims). This is because Texas law creates an independent duty not to disclose or use another's trade secrets when a confidential relationship is established. This duty is separate from any contractual duty that may also arise. *See Huffines*, 314 S.W.2d at 769. *See also Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, (Tex. App.- Houston [14th Dist.] 2007, no pet.)(Texas court opinion of Texas trade secret law); *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, (Tex.App.-Amarillo 1995, no writ); *Crutcher-Rolfs-Cummings, Inc. v. Ballard*, 540 S.W.2d 380, (Tex. Civ. App.- Corpus Christi 1976,writ ref'd n.r.e.). *Elcor Chemical Corp. v. Agri-Sul, Inc.*, 494 S.W.2d 204, (Tex. Civ. App.- Dallas 1973, writ ref'd n.r.e.). Hence, the reason an action for misappropriation can be maintained regardless of whether a contract exists or not.

The Fifth Circuit has also long held that a misappropriation claim can be based on the breach of a confidentiality agreement, but a contract is not required because a misappropriation claim is based on an independent duty. *See Wellogix,*716 F.3d at 874-75 (decision interpreting Texas trade secret law that breach of confidential relationship established by contract, gives rise misappropriation claim); *See Gen. Universal Sys. v. HAL Inc.*, 500 F.3d 444, 452 (5th Cir. 2007)(misappropriation action based on breach of contract or disregard of confidential relationship) *See also Metallurgical*, 790 F.2d. at 1203. *See*

*Ultraflo Corp. v. Pelican Tank Parts, Inc*, 926 F. Supp. 2d 935, 971, (S.D. Tex. 2013)(describing misappropriation claim as a wrongful act). Most recently, in *Sisoian v. IBM*, Judge Sam Sparks stated that a trade secret misappropriation is and continues to be an independent tort, as evidenced by Texas Theft Liability Act's providing a statutory civil right to bring a misappropriation claim. *See Sisoian v. IBM*, 2014 U.S. Dist. LEXIS 114693,*11-12 (W.D. Tex. Aug. 18, 2014).

Even more, the Fifth Circuit in *Zoecon Industries, Div. of Zoecon Corp. v. American Stockman Tag Co.*, held under Texas law, "a confidential relationship gives rise to an employee's duty not to use or disclose the employer's trade secrets." *Zoecon Industries, Div. of Zoecon Corp. v. American Stockman Tag Co.*, 713 F.2d 1174, 1178 (5th Cir. 1983). The Court further held that this confidential relationship "can be established expressly by contract." *Zoecon*, 713 F.2d at 1178. But as the Texas Supreme Court explained in *Huffines* and was later re-iterated by the Fifth Circuit in *Metallurgical Industries, Inc. v. Fourtek, Inc.*;

> "A breach of confidence under the rule stated…may also be a breach of contract which subjects the actor to liability. . . But whether or not there is a breach of contract, the rule stated…subjects the actor to liability if his disclosure or use of another's trade secret is a breach of the confidence reposed in him by the other in disclosing the secret to him." Metallurgical, 790 F.2d at 1195; (citing *Huffines*, 314 S.W.2d at 769).

In other words, regardless of whether a duty not to disclose or use a person's trade secrets arises from an express or implied agreement, it is always a separate and independent tort when this duty of confidentiality to be breached. As the Court stated in *Delanney*, to avoid the economic loss rule, a duty that is independent of the contract must be violated. *See Delanney*, 809 S.W.2d. at 494.

2. *The Plain Construction of TUTSA allows Plaintiff's misappropriation claim to be maintained in addition to the breach of contract claim*.

The plain wording of TUTSA allows Plaintiff to maintain its misappropriation cause of action in spite of the economic loss rule. While TUTSA does not specifically name the economic loss rule, the plain wording of the statute precludes its application. Under, § 134A.002, TUTSA makes two clear

distinctions. First, the statute consolidates civil remedies based on a misappropriation of a trade secret. *See* Tex. Civ. Prac. & Rem. Code § 134A.007(a). While the statute could stop there, TUTSA goes further and states that it does not affect "contractual remedies, *whether or not* based upon misappropriation of a trade secret." Tex. Civ. Prac. & Rem. Code § 134A.007(b)(1). This language explicitly anticipates both a breach of contract and misappropriation action to be brought at the same time. Even more, when taking into account the elements of a TUTSA action and the common law claim for misappropriation, this language further anticipates a plaintiff brining both a breach of contract and misappropriation action based on a violation of an explicit confidentiality agreement. Finally, as Plaintiff asked for in FAC, a misappropriation claim under TUTSA allows for recovery different and in addition to the recovery under the breach of contact claim. Under TUTSA and the common law tort of misappropriation, a plaintiff can sue for recovery based on actual injuries (lost profits), unjust enrichment, and seek equitable relief via an injunction. *See* Tex. Civ. Prac. & Rem. Code § 134A.004; *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 279 (5th Cir. 2012); *University Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518 (5th Cir. 1974). Therefore, the Court should interpret the plain wording of TUTSA to preclude the use of the economic loss rule to dismiss the misappropriation claim.

C.  **There is a strong Public Policy Argument to Allow Plaintiff to Maintain both its Breach of Contract and Misappropriation Claims under TUTSA.**

In addition to the reasons stated above Plaintiff requests the Court reconsider its decision in dismissing its TUTSA claim based on two public policy grounds.

1. *TUTSA directs that it should be construed in an attempt to make the law uniform with other states.*

The last section of TUTSA states that the law "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it." Tex. Civ. Prac. & Rem. Code § 134A.008. Thus, TUTSA specifically states it is to be harmonized with other states' adoption of the Uniform Trade Secrets Act ("UTSA"). The Court's

invocation of the economic loss rule to bar a Plaintiff's TUTSA claim, contradicts other states' interpretation and application of the uniform law. Therefore, in the interest of sound public policy the Court should vacate its dismissal of Plaintiff's misappropriation cause of action.

According the Uniform Law Commission, forty-eight states, the Virgin Islands, and Puerto Rico have enacted the UTSA. *Legislative Fact Sheet - Trade Secrets Act*, Uniformlaws.org. http://www.uniformlaws.org/legislativeFactSheet.aspx?title=Trade%20Secrets%20Act (last visited December 10, 2014). Plaintiff respectfully requests the Court reconsider its dismissal of Plaintiff's TUTSA cause of action by looking to some of the decisions of other courts that have addressed the economic loss rule and the UTSA. Specifically, Plaintiff believes the holding in *Wolfe Tory Med., Inc. v. C.R. Bard, Inc.*, is particularly instructive. In *Wolf*, the Court found under Utah and Georgia law, the economic loss rule does not bar a UTSA misappropriation claim. *Wolfe Tory Med., Inc. v. C.R. Bard, Inc.*, 2008 U.S. Dist. LEXIS 13867, *7-12 (D. Utah Feb. 25, 2008). The Court further held the UTSA creates "*an independent legal duty*" and "accordingly the economic loss rule *does not apply*" to a misappropriation claim. *Wolfe*, 2008 U.S. Dist. LEXIS 13867, at* 13; S*ee also Tracer Research Corp. v. National Envtl. Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994)(Arizona UTSA creates a duty separate from a contract that even escapes an arbitration clause); *Hagen v. Burmeister & Assocs.* 633 N.W.2d 497, 503 (Minn. 2001); *Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 673 (Wash. 1987) *Penalty Kick Mgmt. v. Coca Cola Co.*, 318 F.3d 1284, 1298 n.15 (11th Cir. 2003)  Thus, as multiple other states' highest courts have found, a misappropriation claim based on a breach of a contractual duty of confidentiality is not effected by the economic loss rule.

///

///

///

2. *The Court's Ruling almost negates the entire purpose of TUTSA*.

The Court should also reconsider and vacate its order to dismiss Plaintiff's misappropriation claim, because the holding essentially neuters TUSTA. It is common practice (at least should be) throughout the United States to use confidentiality/non-disclosure agreements to protect trade secrets. In fact this is a must for any business that desires to maintain a business process or technology that sets it apart from or gives it an edge over a competitor. It is unimaginable, this was not contemplated by the Texas legislature when they enacted TUTSA. Why else would the legislature have specifically included Tex. Civ. Prac. & Rem. Code § 134A.007? Or the converse, why would the legislature not have specifically barred misappropriation claims based on the entrance of an explicit confidentiality agreement? TUTSA provides every person, that has a proprietary business process or technology, an avenue to protect themselves from unwieldy and underhanded business practices of persons who do not value confidential relationships, such as Defendant. By barring Plaintiff's TUTSA claim, the Court negates the intent of the legislature in making it an independent statutory cause of action to misappropriate a person's trade secrets.

## PRAYER

Wherefore, Plaintiff respectfully requests that Plaintiff's Motion by in all things granted and that the Court reconsider its order of dismissal, deny Defendant's Motion to Dismiss [Dkt. No. 14], vacate its judgment, reinstate cause of action for Misappropriation of Trade Secrets, and grant Plaintiff such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Andrew Moon
ANDREW J. MOON
State Bar No. 24046463
2935 Thousand Oaks Dr. #6-285
San Antonio, Texas 78247
(210) 501-0077
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), prior to filing this motion, Counsel for Plaintiff sought, in good faith, to resolve this matter by agreement by conferring with opposing counsel. However, no such agreement was able to be obtained.

By: /s/ Andrew Moon
ANDREW J. MOON
State Bar No. 24046463
2935 Thousand Oaks Dr. #6-285
San Antonio, Texas 78247
(210) 501-0077
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, has been served on Claimant via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class postage prepaid, facsimile, of hand delivery in accordance with the Federal Rules of Civil Procedure on December 15, 2014.

Clint Corrie
Akerman LLP
2001 Ross Avenue
Suite 2550
Dallas, Texas 75201
Via Facsimile No. 866-203-5835

By: /s/ Andrew Moon
ANDREW J. MOON
State Bar No. 24046463
2935 Thousand Oaks Dr. #6-285
San Antonio, Texas 78247
(210) 501-0077
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) CIVIL ACTION NO. 5:14-cv-00587-HLH ) [Removed from the 73rd Judicial District ) Court of Bexar County, Texas] |
| MARK CADERO | ) ) |
| *Defendant.* | ) ) ) |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE 59(E)**

On, this day_____ of_____, 2014, this Court considered Plaintiff, Education Management Services, LLC's Motion to Alter or Amend Judgment pursuant to Federal Rule 59(e). After considering Plaintiff's motion arguments and authorities cited therein and the papers on file in this action, the Court finds as follows:

1. Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule 59(e) shall be granted in full.

2. The Court shall amend and alter its previous judgment by vacating its dismissal of Plaintiff's Misappropriation of Trade Secrets Claim.

3. The Court shall deny Defendant's Motion to Dismiss as to Plaintiff's Misappropriation of Trade Secrets Claim.

4. The Court shall reinstate Plaintiff's Misappropriation of Trade Secrets Claim.

THEREFORE IT IS ORDERED THAT:

    Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule 59(e) shall be hereby granted in full.


Dated: _____, 2014.