IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. SA-14-CA-587 |
| MARK CADERO, | § § § | |
| Defendant. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On June 20, 2014, the Plaintiff filed this civil action for damages and other relief in the 73rd District Court of Bexar County, Texas asserting claims of breach of contract, conversion, and misappropriation of trade secrets. On July 2, 2014, the Defendant removed the case to this Court asserting subject matter jurisdiction on the basis of diversity of citizenship and amount in controversy. The Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. On November 18, 2014, the Court entered an order granting the motion to dismiss with respect to the misappropriation of trade secrets claim and denying it in all other respects. The Plaintiff has filed a motion curiously entitled "Motion to Alter or Amend the Judgment,"[1] which is really a motion for reconsideration of the Court's order dismissing the Plaintiff's misappropriation claims. Having considered the motion, the Court finds that it should be denied.

---

[1] Judgment has not been entered in this case.

The Texas Uniform Trade Secrets Act (TUTSA) provides a cause of action for misappropriation when (1) a trade secret exists; (2) the defendant disclosed or used the trade secret without the plaintiff's consent; (3) the defendant used improper means to acquire knowledge of the trade secret; and (4) the plaintiff has suffered damages as a result of the misappropriation. Tex. Civ. Prac. & Rem. Code § 134A.002. "'Improper means' includes . . . breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret . . . ." **Id**.

The Plaintiff based its claim under TUTSA on the following allegations: the Defendant agreed not to disclose the Plaintiff's trade secrets to a third party, the Plaintiff disclosed the trade secrets to the Defendant pursuant to that agreement, and the Defendant disclosed those trade secrets to a third party in violation of the agreement. The Court dismissed the Plaintiff's TUTSA claim on the grounds that it had failed to allege that the Defendant acquired knowledge of the trade secrets by any improper means. The Plaintiff argues that, because "improper means" includes breach of a duty to maintain secrecy, the allegation that the Defendant disclosed the secrets in violation of the agreement are sufficient to establish that element.

The Court finds this argument to be wholly without merit. First, this interpretation of the statute would render the requirement of "acquisition by improper means" meaningless and

redundant - in addition to a showing of improper acquisition, TUTSA requires a plaintiff to show that the defendant disclosed the secrets without consent. The Plaintiff's interpretation would result in the acquisition and disclosure prongs being met merely by a showing of improper disclosure. Moreover, the Plaintiff's interpretation would contradict the plain meaning of the statute. The statute plainly provides a cause of action for disclosure of a trade secret without consent *when the secret is acquired by improper means*, including breach or inducement of a breach of a duty to maintain secrecy. The Plaintiff does not contend that the Defendant acquired its trade secrets via breach or inducement of a breach of a duty to maintain secrecy - the Plaintiff admits that it willingly disclosed the secrets to the Defendant. Therefore, the Plaintiff has failed to state a claim under TUTSA and its motion for reconsideration should be denied.

It is therefore ORDERED that the Plaintiff's motion for reconsideration (Doc. No. 23) be, and it is hereby, DENIED.

SIGNED AND ENTERED THIS 23d day of December, 2014.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE