```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE WESTERN DISTRICT OF TEXAS

EDUCATION MANAGEMENT           §
SERVICES,                      §
                               §
                               §
     Plaintiff,                §
                               §
v.                             §         No. SA-14-CA-587
                               §
MARK CADERO,                   §
                               §
     Defendant.                §
```

### ORDER REGARDING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

On June 20, 2014, the Plaintiff filed this civil action for damages and other relief in the 73rd District Court of Bexar County, Texas. On July 2, 2014, the Defendant removed the case to this Court asserting jurisdiction on the basis of diversity of citizenship and amount in controversy. The Defendant filed an answer and counterclaim on November 26, 2014 and an amended answer and counterclaim on December 30, 2014. The Plaintiff has filed a motion to dismiss the Defendant's counterclaims and the Defendant has filed a response. Having considered the motion and response, the Court finds that the motion to dismiss should be granted in part and denied in part.

### I. Introduction

The Defendant alleges the following facts in his amended counterclaim: Plaintiff Education Management Services (EMS) is a Texas company that provides administrative and staffing services to Armando Montelongo Companies, Inc. - a Texas corporation that

organizes and operates real estate seminars. In March 2011, the Defendant Mark Cadero began working for EMS as a sales and marketing representative. In early 2013, EMS presented Cadero with an Employment Agreement and informed him that, if he did not sign, his employment would be terminated. Cadero signed the agreement, which included non-compete and non-disclosure agreements under which he agreed (1) to refrain from working with any company that directly competes with EMS within 36 months of his employment; and (2) not to disclose any of EMS's confidential information to any third party. The contract also contained a non-solicitation agreement under which Cadero agreed not to solicit, induce, or attempt to induce any past or current suppliers, clients, or customers of EMS within 36 months of his employment. In the summer of 2013, Cadero requested time off. Rather than grant his request, EMS terminated his employment. In February 2014, Cadero began working as an independent contractor with the Nick Vertucci Companies (Vertucci), a real estate seminar company that is based in California.

Against Cadero, EMS asserts claims of breach of contract, contending that he breached the non-disclosure and non-compete agreements. Cadero has filed an answer and asserts counterclaims for (1) attorney's fees pursuant to Section 15.51(c) of the Texas Business and Commerce Code; and (2) declaratory judgment that the non-solicitation agreement is void and unenforceable. EMS has filed

a motion to dismiss, arguing that (1) Cadero has failed to allege sufficient facts to establish that he is entitled to attorney's fees; and (2) the Court lacks jurisdiction over Cadero's declaratory judgment action because there is no actual case or controversy between the parties relating to the non-solicitation agreement.

## II. Attorney's Fees

To state a claim to recover attorney's fees under Section 15.51(c), Cadero must allege (1) that the non-compete agreement contained limitations as to time, geographical area, or scope of activity that were not reasonable and imposed a greater restraint than was necessary to protect the goodwill or other business interests of EMS; (2) that EMS knew at the time of execution of the non-compete agreement that the limitations were overly restrictive; and (3) that EMS sought to enforce the non-compete agreement to a greater extent than necessary to protect its goodwill or other business interests. TEX. BUS. & COMM. CODE 15.51(c). Cadero's counterclaim has alleged each of these elements, so the Plaintiff's motion to dismiss his claim for attorney's fees should be denied.

## III. Declaratory Judgment

The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of

-3-

any interested party seeking such declaration, whether or not further relief is our could be sought." 28 U.S.C. § 2201(a). In order to satisfy the case or controversy requirement in a declaratory judgment action, a dispute must be real, substantial, "definite and concrete, touching the legal relations of parties having adverse legal interests." **Aetna Life Ins. Co. of Hartford v. Haworth**, 300 U.S. 227, 240-241 (1937). Such a case should "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." **Id.** In each case, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." **Maryland Cas. Co. v. Pacific Coal & Oil Co.**, 312 U.S. 270, 273 (1941).

In short, a party seeking declaratory judgment must show that he is under an imminent threat of harm unless the dispute is resolved. **MedImmune, Inc. v. Greentech, Inc.**, 549 U.S. 118, 128 (2007). A party to a contract seeking a declaration that a provision is void need not breach the contract in order to satisfy the "imminent threat" requirement. **Id.** at 129. Instead, the party need only show that his self-avoidance of imminent injury is coerced by a threatened enforcement action. **Id.** at 30.

In the instant case, it is undisputed that Cadero is not in

-4-

breach of the non-solicitation agreement. Moreover, Cadero has made no effort to show that his avoidance of breach was coerced by threatened enforcement by EMS. In fact, there is no indication that EMS intends to enforce the non-solicitation agreement against Cadero at all. Neither the counterclaim nor the response to the motion to dismiss contain any facts tending to show that the non-solicitation agreement is implicated in any way by Cadero's work with Vertucci. In short, Cadero has made no showing that there is any actual controversy between the parties regarding the non-solicitation agreement. Instead, his action for declaratory judgment merely requests that this Court provide an abstract declaration of the rights of the parties under the contract. Federal courts are not empowered to give advisory opinions. Therefore, the Court lacks jurisdiction to determine Cadero's declaratory judgment action.

## IV. Conclusion

Cadero has alleged sufficient facts to state a claim for attorney's fees pursuant to Section 15.51(c) of the Texas Business and Commerce Code, so EMS's motion to dismiss should be denied as to that claim. With respect to his action for declaratory judgment, the Court lacks jurisdiction because there is no actual case or controversy among the parties regarding the non-solicitation agreement.

It is therefore ORDERED that, with respect to the Defendant's

counterclaim for declaratory judgment that the non-solicitation agreement is invalid, the Plaintiff's motion to dismiss (Doc. No. 24) be, and it is hereby, GRANTED.

It is further ORDERED that the Defendant's counterclaim for declaratory judgment be, and it is hereby, DISMISSED.

It is further ORDERED that, in all other respects, the Plaintiff's motion to dismiss be, and it is hereby, DENIED.

SIGNED AND ENTERED THIS 7th day of January, 2015.

/s/ Harry Lee Hudspeth
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE