IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 5:14-cv-00587-HAL |
| v. | § § § | [Removed from the 73rd Judicial District Court of Bexar County, Texas] |
| MARK CADERO, | § § | |
| *Defendant.* | § § § | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE

Pursuant to Local Rule CV-7, Counter-Plaintiff/Defendant Mark Cadero ("Cadero" or "Defendant"), hereby submits this Opposition to the Motion for Continuance and to Modify the Court's Scheduling Order and Trial Date ("Continuance Motion") filed by Counter-Defendant/Plaintiff Education Management Services, LLC ("EMS" or "Plaintiff"). [D.E. 33]. For the following reasons, the Continuance Motion should be denied:

- The discovery deadline was yesterday, April 21, 2015;

- Plaintiff has not exercised due diligence in prosecuting the suit;

- The "comfort" of Plaintiff's counsel in handling the suit going forward is a non-relevant factor in considering "good cause" for the continuance;

- Plaintiff's desire to hire new counsel in this case and other cases Plaintiff has filed, is a non-relevant factor in considering good cause for the continuance; and

- An extended continuance only prejudices the Defendant, an individual, whose employment Plaintiff seeks to restrain, by exposing them to expensive and non-relevant discovery.

{30826978;3}

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE                PAGE 1 OF 9

**I.      SUMMARY OF RESPONSE**

This case involves an attempt to enforce an overly-broad restrictive covenant agreement against a former contractor/employee who went to work for a company in California. The crux of the Continuance Motion is that Plaintiff did not diligently conduct discovery on claims on which it bears the burden of proof since it initiated this suit.  Two (2) business days before the April 21, 2015 discovery deadline ("Discovery Deadline") set by this Court's December 1, 2014 Scheduling Order ("Scheduling Order") [D.E. 20], Plaintiff filed this Continuance Motion.  Far from providing good cause for this requested late continuance request, Plaintiff states that its in-house counsel is "no longer comfortable or capable of handling this matter" and Plaintiff has retained new counsel to "manage" this suit and others.  Continuance Motion, pp. 1-2.  This rationale fails to meet the criteria for "good cause."  First, this same "in-house counsel" initiated and prosecuted this case for 10 months, and other similar cases for over a year; second, the scheduling order and trial date have been in place for almost 5 months; and third, Plaintiff simply seeks a second chance because it squandered months without developing this case in which Plaintiff bears the burden of proof.  Finally, Plaintiff's Continuance Motion, if granted, will severely prejudice Defendant. Plaintiff's request should be denied.

**II.     BACKGROUND FACTS**

On June 23, 2014, Plaintiff initiated this suit against Cadero, an ex-contractor and employee who months earlier left the Plaintiff's company and moved to California, by filing an *ex parte* Application for Temporary Restraining Order in state court to allege various causes of action against Cadero for breach of contract, conversion, and trade secret misappropriation.  *See* [D.E. 2, Tab 3]. After removal to this court, [D.E. 2], and after briefing on motions to dismiss, the conversion and trade secret misappropriation counts were dismissed with prejudice by this

{30826978;3}

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE                              PAGE 2 OF 9

Court, [D.E. 17]. Cadero filed his Answer to the lone remaining count of breach of contract, and asserted a counterclaim for attorneys' fees and a counterclaim for declaratory judgment on November 26, 2014. [D.E. 19]. Cadero's counterclaim declaratory judgment claim was subsequently dismissed by the Court. [D.E. 30]. The only remaining claims currently before this Court and set for trial on June 29, 2015, are Plaintiff's breach of contract claim and, Defendant's counterclaim for attorneys' fees. Thus, this case is very simple.

### A.    Plaintiff Has Not Diligently Pursued Discovery

On December 1, 2014, this Court entered the Scheduling Order, [D.E. 20], which set the discovery deadline for April 21, 2015 ("Discovery Deadline"), and the trial of this matter for June 29, 2015. Since the Scheduling order was filed, no new claims have been raised and no new parties have been added. In fact, Plaintiff has done little in this matter over the past 5½ months. Plaintiff undertook no discovery efforts in December, January, or the first 24 days of February. On February 25, 2015, Plaintiffs served their First Set of Interrogatories on Cadero, to which Cadero timely and fully responded.[1] Then a month later, on March 26, 2015, through counsel who is not counsel of record yet[2], Plaintiff sent an email inquiring about depositions of Cadero and another non-party, Jake Simpson, and 8 more non-parties. (Ex. A). These deposition

---

[1] Plaintiff's claim in the Continuance Motion that Cadero's interrogatory responses were "not complete," (p. 5), is without merit. Notably, the Continuance Motion is the first mention of these purported incomplete responses since Cadero's responses were served on Plaintiff nearly a month ago.

[2] On March 25, 2015, in-house counsel for Plaintiff, Nathan Corbett ("Corbett") advised the undersigned counsel that Henry Gonzalez ("Gonzalez") would be appearing as counsel of record for Plaintiff in, *inter alia*, the above-styled action on behalf of Plaintiff. Despite repeating several times since March 25, 2015, including throughout the Continuance Motion, that Gonzalez *will be appearing in this case* on behalf of Plaintiff, Gonzalez has still not entered an appearance in this case. The Continuance Motion was signed by Corbett and Andrew J. Moon ("Moon"), in-house counsel for Plaintiff, not Gonzalez.

{30826978;3}

requests for ten deponents were made a mere 18 business days, respectively, before the Discovery Deadline. Defendant responded to this email promptly.[3]

On April 10, 2015, counsels Corbett, Moon and Gonzalez emailed asking whether Cadero would oppose a continuance and Defendant responded he would oppose a several month continuance. Cadero proposed a reasonable alternative. (Ex. C). Subsequently, on April 15, 2015, Defendant's counsel offered up dates for Cadero's <u>own</u> deposition to Plaintiff for May 6-8, 2015, or other dates in May. (Ex. D). Thus, Defendant voluntarily offered to let Plaintiff take Defendant's deposition beyond the current Discovery Deadline as authorized by the Scheduling Order. [D.E. 20].

### B.  The Plaintiff Has Outstanding and Late Discovery Responses

On March 6, 2015, Defendant served Plaintiff with the following discovery requests: (1) Defendant's First Set of Interrogatories to Plaintiff; (2) Defendant's First Request for Production of Documents to Plaintiff; and (3) Defendant's First Requests for Admission to Plaintiff.[4] Those responses were due April 6, 2015. On April 6, 2015, Plaintiff served its Responses to Defendant's First Requests for Admission <u>only</u>.

---

[3] Despite Plaintiff's statement that "Plaintiff has attempted to schedule times . . . for witnesses' depositions, and . . . Defense counsel has been slow to respond," (Continuance Motion, p. 5), within three (3) business days of Plaintiff's email request, after learning about the identity and location of requested deponents, Defendant's counsel called Plaintiff's counsels in a lengthy call and addressed the list of the proposed deponents, advised Plaintiff's counsel that the requested deponents lived in 4-5 different states, and requested that Plaintiff let Defendant's counsel know which persons they really wanted to depose and when. Plaintiff's counsel stated they would "think about it" and "get back to the Defendants." On April 1, 2015, Plaintiff's proposed counsel acknowledged to Defendant "Sorry I did not get back with you on dates for deposition yesterday. I will send you something today." (Ex. B). Thereafter, no depositions were formally requested, and no deposition notices were issued by Plaintiff.

[4] Thereafter, on March 30, 2015, Plaintiff served its First Request for Production to Defendant. The deadline for Defendant to serve its objections and responses to Plaintiff's March 30th discovery request is April 30, 2015 – well beyond the April 21st discovery deadline.

{30826978;3}

However, as of this date, Plaintiff has failed to serve its objections, answers or responses to either (1) Defendant's First Set of Interrogatories to Plaintiff; or (2) Defendant's First Request for Production of Documents to Plaintiff.  At this point, any objections to those documents have been waived.  *See RE/MAX Int'l v. Trendsetter Realty, L.L.C.,* No. Civ. A. H-07-2426, 2008 WL 2036816 at \*5 (S.D. Tex. May 9, 2008) (*quoting In Re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

## III.   ARGUMENTS AND AUTHORITIES

As Plaintiff correctly states in the Continuance Motion, Plaintiff must show good cause in order to obtain a modification of the dates in the Scheduling Order.  Fed. R. Civ. P. 16(b)(4); Continuance Motion, p. 4.  The good cause standard "requires the party seeking relief to show that the deadlines cannot reasonably be met **despite the diligence of the party needing the extension**."  *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted) (emphasis added).  *See also Fahim v. Marriott Hotel Services, Inc.,* 551 F.3d 344, 348 (5th Cir. 2008); *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002).[5]

### A.   Good Cause Has Not Been Demonstrated

Even the sole case relied upon by Plaintiff in the Continuance Motion, *S&W Enters.*, specifically notes that denial of a continuance request is appropriate when it is the result of unexplained failure to act by the requesting party.  *Id*. at 537 (concluding the denial of the

---

[5] ("Pursuant to Rule 16(b), a scheduling order establishing deadlines for matters such as joinder and amendments to pleadings shall not be modified except upon a showing of good cause and by leave of the district court. **The primary reason of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.  Another relevant consideration is possible prejudice to the party opposing the modification.** (Internal quotes omitted)); *see also Harris v. FedEx Nat'l LTL., Inc.,* 760 F.3d 780, 786 (8th Cir. 2014).

{30826978;3}

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE                                    PAGE 5 OF 9

requested continuance was within the judge's discretion "[i]n view of district judges' 'power to control their docket by refusing to give ineffective litigants a second chance to develop their case'") (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). The Plaintiff's motion does not identify specifically what discovery it needs, why it needs it, whether it even exists, and why it failed to conduct the necessary discovery in the first instance. *See Employer Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.,* 353 F.3d 1125, 1129 (9th Cir. 2004) (burden is on the party seeking additional discovery to present sufficient facts to show the existence of evidence sought); *Perkins v. American Elec. Power Fuel Sys.,* 246 F.3d 593, 605-606 (6th Cir. 2001) (no showing of what information or discovery was needed). There is no showing that the information sought is relevant or material to the outcome of the case, and why it could not have been sought earlier. *Kozikowski v. Toll Bros.,* 354 F.3d 16, 26 (1st Cir. 2006), nor is there any proof of diligence to conduct such discovery. *See Kozikowski,* 354 F.3d at 26.

Instead of providing an explanation for why Plaintiff found itself, two business days before the Discovery Deadline, having performed very little discovery, Plaintiff explains why it cannot take the "ten to fifteen depositions" it alleges are needed to prove a single breach of contract claim against a single Defendant. Plaintiff's dilatory approach to discovery is not a basis for a continuance of the deadlines in the Scheduling Order, nor should Plaintiff's current counsel's "discomfort in handling the case" provide it a route to a continuance. *See Regions Bank v. Law offices of Sherin Thawer*, 2012 WL 1191850, *6 (N.D. Tex. 2012) (denying a motion for leave to amend under Fed. R. Civ. P. 16(b) despite claim by moving party that failure to timely amend was caused by its recently-withdrawn former counsel's failure to properly communicate). Regardless of the statements in the Continuance Motion, whether intentional or

{30826978;3}

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE                    PAGE 6 OF 9

otherwise, Plaintiff permitted its opportunity to engage in discovery to pass for no good reason. This Court need not provide Plaintiff with a second opportunity to develop its case. *See S&W Enters.*, 315 F.3d at 537.

### B.  Defendant Has Been Responsive and Cooperative

Despite the portrayal of Defendant as being non-responsive, Defendant responded to the email request for 10 depositions within 3 business days. *See* Note 3, *infra.* Moreover, Defendant's counsel provided dates certain for Defendant's deposition, (Ex. D), contacted the Court to determine the Court's calendar, and contacted opposing counsel and agreed to move the trial <u>by</u> <u>agreement</u> one month to the week of July 27, 2015. (Ex. D). Those offers were effectively rejected by virtue of the filing of the Continuance Motion seeking a continuance to October 2015.

### C.  Defendant Will Be Prejudiced By The Continuance

In addition to Plaintiff's failure to show good cause for its requested continuance, Cadero will suffer prejudice if the requested continuance is granted. Despite Plaintiff's cavalier statement that there will be 'no prejudice to Defendant because this is a first trial setting,' (Continuance Motion, p. 2), Plaintiff is attempting to restrain Cadero's ability to work for an out-of-state company and earn a living in his chosen trade based on a very broad restrictive covenant agreement. Cadero's employment status has been under attack for ten months. Given the stakes to his livelihood, as well as attorneys' fees he is incurring to defend this action, Cadero will be severely prejudiced if a several-month continuance is granted. The costs associated with the "10 or 15" out-of-state depositions Plaintiff says it intends to seek, further harms Cadero. Cadero has a right to the speedy determination of this matter. The fact that absent multiple out-of-state depositions, Plaintiff has insufficient evidence to support its lone remaining breach of contract

{30826978;3}

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE                    PAGE 7 OF 9

claim nearly 10 months after the initiation of this suit raises serious questions about the viability of the suit from its inception. Defendant Cadero should not be forced to endure the costs of additional months of this suit, and the expense of the expanded far reaching out-of-state discovery because Plaintiff has decided that they are "uncomfortable" or "incapable" of handling the suit they initiated, and now want new counsel. This request comes too little, too late, and should be denied.

## IV.  CONCLUSION

In conclusion, EMS has failed to meet its burden to show the good cause standard required for the continuance requested. Accordingly, the Court should deny Plaintiff's request for a continuance and move forward with disposition of the case on the current schedule or alternatively, provide a very short reset of the trial date, and include reasonable limitations on the scope of discovery.

Respectfully submitted,

 */s/ Clint A. Corrie*
Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT MARK CADERO**

{30826978;3}

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE                                    PAGE 8 OF 9

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ELF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on this 22nd day of April, 2015:

>Andrew J. Moon, Esq.
>andrew.j.moon@gmail.com
>andym@teamarmando.com
>2935 Thousand Oaks Drive, #6-285
>San Antonio, Texas 78247

                                            */s/ Clint A. Corrie*
                                            Clint A. Corrie

{30826978;3}

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE
TO MODIFY THE COURT'S SCHEDULING ORDER AND TRIAL DATE     PAGE 9 OF 9